**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

_____

Brenda Whittaker,

                        Plaintiff,        Civil File No:

             vs.                      **COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Performant Recovery, Inc., a subsidiary of
Performant Financial Corporation, f/k/a
Diversified Collection Services, Inc.,      **JURY DEMANDED**

                      Defendant.

_____

## INTRODUCTION

Plaintiff, Brenda Whittaker, brings this complaint for damages against Defendant under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA" or the "Act"). Defendant contacted Plaintiff's neighbor in connection with the collection of Plaintiff's debt, and it falsely represented it was entitled to do this, in violation of the Act. In support of this complaint, Plaintiff states:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is authorized by 15 U.S.C. § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendant transacts business here.

## PARTIES

3. Plaintiff, Brenda Whittaker, is a citizen of the State of Minnesota. Whittaker is a consumer as defined by § 1692a(3) of the FDCPA.

4. Defendant, Performant Recovery, Inc., a subsidiary of Performant Financial Corporation ("PRI"), is a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails to collect or attempt to collect consumer debts. Before August 15, 2012, PRI was known as Diversified Collection Services, Inc. ("DCS"). The name change didn't affect any aspect of its operations. PRI/DCS has been in the debt collection business since 1976 and, among other things, it regularly collects student loans owed by individuals.

## FACTUAL ALLEGATIONS

5. Whittaker allegedly owes a student loan debt to Great Lakes Higher Education Guaranty Corporation. Due to employment problems, Whittaker had difficulty making payments. This obligation is a debt as defined by § 1692a(5) of the FDCPA.

6. On July 17, 2012, DCS employee Paige Andrews contacted Whittaker's neighbor in connection with attempting to collect Whittaker's student loan. Andrews falsely represented to the neighbor she was an "old friend" of Whittaker's from the West Coast, and that she was trying to reach Whittaker but didn't have her telephone number. However, rather than merely seeking Whittaker's telephone number from the neighbor, Andrews enlisted the neighbor to actually assist in reaching Whittaker. Specifically, Andrews directed the neighbor to write down Andrews' name and phone number, take that information to Whittaker and ask her to call Andrews back.

7. As directed, the neighbor went to Whittaker's house to hand deliver Andrews' message. Whittaker's eleven-year-old daughter informed the neighbor that her mother wasn't home, but that she expected her to return by 6:00 p.m.

8. Based on the nature of Andrews' call, the neighbor returned to Whittaker's home around 6:00 p.m. to deliver Andrews' message. However, Whittaker still hadn't returned yet. As a result, the neighbor gave Whittaker's eighteen-year-old daughter Andrews' message to call her at 541-955-7800.

9. A few minutes later, Whittaker's daughter called Whittaker to inform her about the neighbor's visit and Andrews' request for a call.

10. Whittaker immediately called Andrews' number seeking to speak to a supervisor to demand that DCS stop contacting her neighbors.

11. About forty-five minutes later, a person who identified herself as a supervisor returned Whittaker's call. The supervisor acknowledged DCS had enlisted Whittaker's neighbor in its collection efforts. But the supervisor denied that there was anything wrong with this and, to the contrary, the supervisor falsely told Whittaker that Andrews' actions were perfectly legal.

12. Adding insult to injury, the supervisor then threatened to take action to garnish Whittaker's wages.

## COUNT I
### PRI Violated § 1692c of the FDCPA by Contacting a Third Party in Connection with Collecting Whittaker's Student Loan

13. Plaintiff adopts and realleges paragraphs 1-12 above.

14. Subject to certain exceptions that don't apply here, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b).

15. PRI (known as DCS at the time) violated § 1692c(b) of the FDCPA when its employee and agent, Paige Andrews, contacted Whittaker's neighbor in connection with collecting on Whittaker's student loan and directed the neighbor to give Whittaker a note with Andrews' name and telephone number, and instructions to call Andrews.

16. PRI's violation of the FDCPA renders it liable to Whittaker for damages, costs and attorneys' fees. 15 U.S.C. § 1692k.

## COUNT II
### PRI Violated § 1692e of the FDCPA By Making Several False Representations in Connection with Attempting to Collect Whittaker's Student Loan

17. Plaintiffs adopt and reallege paragraphs 1-12, above.

18. Section 1692e of the FDCPA prohibits a debt collector from making any false, deceptive or misleading representation in connection with the collection of a debt.

19. To convince Whittaker's neighbor to give Whittaker a note with Andrews' name and telephone number, Andrews falsely told the neighbor that she was Whittaker's old friend from the West Coast.

20. Also, in an attempt to convince Whittaker that she was powerless to stop DCS from enlisting her neighbors to contact Whittaker on its behalf, the DCS supervisor falsely told Whittaker that Andrews' conduct was legal.

21. PRI's violation of the FDCPA renders it liable to Whittaker for damages, costs and attorneys' fees. 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Brenda Whittaker asks the Court to:

a. Enter judgment in her favor, and against PRI, for damages, costs, and reasonable attorneys' fees as permitted by § 1692k of the FDCPA; and

b. Grant such further and additional relief as deemed equitable and just.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to any of them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant requests that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

*s/Michael G. Phillips*            .
One of the Attorneys for Plaintiff

Michael G. Phillips
MN Bar No. 0290105
**PHILLIPS LAW, PLLC**
412 South Fourth Street, Suite 1155
Minneapolis, MN 55415
Telephone: 612-677-8345
Facsimile: 612-344-1579
mike@phillipslawmn.com

Lance Raphael
IL Reg. No. 6216730 (seeking leave to appear *pro hac vice*)
Michael S. Hilicki
IL Reg. No. 6225170 (seeking leave to appear *pro hac vice*)
**The Consumer Advocacy Center, P.C.**
180 West Washington Street
Suite 700
Chicago, IL 60602
Telephone: 312-782-5808
lance@caclawyers.com
mike@caclawyers.com

**ATTORNEYS FOR PLAINTIFF**